UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NATIONAL RETIREMENT FUND,

Plaintiffs,

-against-

NEW JERSEY HEADWEAR CORP.,

Defendant.

**COMPLAINT**

Plaintiffs, by their attorney David C. Sapp, Esq., complaining of Defendant New Jersey Headwear Corp., respectfully allege as follows:

**NATURE OF ACTION**

1. This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

**VENUE**

3. Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 502(e) (2) of ERISA, 29 U.S.C. § 1132(e) (2); and 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff National Retirement Fund ("the Retirement Fund") is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2). Plaintiff Trustees of the Retirement Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Retirement Fund maintains its principal administrative offices at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

5. Upon information and belief, Defendant New Jersey Headwear Corp. is a New Jersey corporation having or having had its principal place of business at 305 Third Avenue West, Newark, New Jersey 07107.

6. The New York Metropolitan Joint Board, Workers United, SEIU ("the Union") is an unincorporated "labor organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, the Union and Defendant have been parties to a series of collective bargaining agreements ("Bargaining Agreement") covering all relevant periods herein. Pursuant to the Bargaining Agreement, employee benefit fund contributions to Plaintiff Retirement Fund were and continue to be due and payable by Defendant.

## AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

7. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "6" of this Complaint with the same force and effect as if set forth at length herein.

8. Contributions required by the Bargaining Agreement to be paid to the Retirement Fund for the months of June 2011 through and including September 2011 and April 2013 through and including May 2015 and July 2015 through and including April 2016 in the principal amount of $145,878.74 have not been made and are now due and owing. By reason thereof, Defendant is liable to Plaintiff Retirement Fund in the principal amount of $145,878.74 for the periods stated.

9. Plaintiff Retirement Fund is entitled to collect interest on the outstanding delinquent contributions from Defendant calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

10. Plaintiff Retirement Fund is entitled to collect liquidated damages, attorneys' fees and costs from Defendant calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

11. No prior application has been made for the relief requested herein.

**AS AND FOR A SECOND CLAIM FOR RELIEF BY**
**PLAINTIFF TRUSTEES AGAINST DEFENDANT**

12. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "11" of this Complaint with the same force and effect as if set forth at length herein.

13. Defendant is now failing and, upon information and belief, will continue to fail to make contributions to the Retirement Fund in accordance with the terms and conditions of the Retirement Fund's Agreement and Declaration of Trust and the Bargaining Agreement between Defendant and the Union unless restrained by the Court.

14. No prior application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a. Directing Defendant to pay to the National Retirement Fund the principal amount of $145,878.74; and

b. Directing Defendant to pay to the National Retirement Fund interest on the sum set forth in paragraph "(a)" herein, to be computed at an interest rate as prescribed by the Fund, pursuant to Section 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i); and

c. Directing Defendant to pay to the National Retirement Fund liquidated damages, to be computed at a rate as prescribed by the Fund, pursuant to Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii); and

d. Directing that Defendant be restrained and enjoined permanently from becoming or remaining delinquent in remitting its contributions to the National Retirement Fund, and ordering Defendant to make such contributions in accordance with the terms and conditions of the Fund's Trust Agreement, the Fund's rules and regulations and the Bargaining Agreement between Defendant and the Union; and

e. Directing Defendant to pay to the National Retirement Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

f. Granting such other legal and equitable relief as the Court deems appropriate.

Dated: June 9, 2016
White Plains, New York

**TRUSTEES OF THE NATIONAL RETIREMENT FUND, Plaintiffs**

By: ______________________
David C. Sapp. (DS 5781)

*Attorneys for Plaintiffs*

Alicare Inc., Fund Administrator
333 Westchester Avenue
North Building-1st Floor
White Plains, New York 10604
(914) 367-5576
dsapp@amalgamatedlife.com